UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**JAMES JAMISON-DEY**                                                                                          **PLAINTIFF**

v.                                                                                              No. 3:24-cv-670-BJB

**SANTANDER CONSUMER USA INC.**                                                                      **DEFENDANT**

\* \* \* \* \*

**OPINION & ORDER DISMISSING COMPLAINT**

  James Jamison-Dey, proceeding *pro se*, sued Santander Consumer USA in Jefferson County District Court, alleging that the company "violated [his] consumer rights." Complaint (DN 1-2) at 4. Santander timely removed the case to federal court, DN 1. Shortly thereafter, Jamison-Dey moved to remand to state court, DN 8, and moved for summary judgment, DN 12. And then Santander moved to dismiss the Complaint for failure to state a claim. DN 13. More motions soon followed: Santander asked to stay its response deadline for Jamison-Dey's motion for summary judgment, DN 14, and again moved to dismiss, offering Jamison-Dey's arbitration demand as an alternative ground, DN 16.

  The Court previously granted the stay (DN 15) and now denies Jamison-Dey's motion to remand (DN 8), grants Santander's motion to dismiss for failure to state a claim (DN 13), and, in the alternative, grants Santander's motion to dismiss in favor of arbitration (DN 16). Given these rulings, the Court also denies Jamison-Dey's motion for summary judgment (DN 12) as moot (and necessarily futile in any event).

  Jamison-Dey's complaint is spare, even by the lenient standards of *pro se* filings. In just a few lines, he declares that Santander violated his consumer rights, citing a federal regulation without elaboration or factual development. Complaint at 4.[1] Attached to the complaint form are a cease-and-desist letter from Jamison-Dey to Santander and an affidavit from Jamison-Dey asserting listing several legal rules and theories in serial fashion. Supplemental State Court Record (DN 11-1) at 5–10. Together, the case file resembles the paper trail of a routine customer-service dispute more than that of a colorable federal claim.

  Complicating the Court's consideration of the pending motions is Santander's failure to clarify whether its motion to dismiss Jamison-Dey's complaint for

---

[1] *See* Complaint (DN 1-2) at 4 ("Plaintiff claims Defendant: Has violated my consumer rights. Plaintiff had notice [of] a billing error[,] and pursuant to 12 CFR 1026.13 billing error resolution Santander Consumer USA shall not directly or indirectly make or threaten to make an adverse report to any person. This has cause[d] financial hardship. By law I am entitled to $1000[.]").

1

insufficient pleading is superseded by its later-in-time motion to dismiss in deference to arbitration. The former rested on Rule 12(b)(6), but the latter didn't identify any specific rule of procedure—instead simply citing Jamison-Dey's own arbitration demand (found at DN 16-1 at 2–3).

If Santander's arbitration demand amounts to a jurisdictional objection, then its adjudication would take priority under *Steel Co.* v. *Citizens for Better Environment*, 523 U.S. 83 (1998), and the familiar principles of jurisdictional prioritization that decision embraces. And some support for this construction exists in the caselaw: "District courts in this circuit are split over the standard of review for a motion to compel arbitration: Some apply the Rule 12(b)(1) or Rule 12(b)(6) motion to dismiss standards[.]"² *Parker v. Tenneco, Inc.*, 114 F.4th 786, 791 n.5 (6th Cir. 2024), *cert. denied*, 145 S. Ct. 1060 (2025) (declining to decide whether Rule 12(b)(1) or 12(b)(6) applies); *see also Powers Distrib. Co., Inc. v. Grenzebach Corp.*, No. 16-12740, 2016 WL 6611032, at *2 (E.D. Mich. Nov. 9, 2016) ("Courts in the Sixth Circuit are split on whether a motion to dismiss based on an arbitration agreement should be brought under Rule 12(b)(1) (lack of subject matter jurisdiction) or Rule 12(b)(6) (failure to state a claim).") (cleaned up).³

Here the Rule 12(b)(6) route is more appropriate. The Federal Arbitration Act allows courts to stay proceedings and later confirm arbitration awards. Even if a movant correctly compels arbitration or stays litigation in lieu of it, therefore, the federal court retains jurisdiction. *See Powers Distrib.*, 2016 WL 6611032, at *2 ("[A] court retains authority to stay a case pending arbitration and then afterward enter judgment on the award …. So, technically, [the] court … still retains jurisdiction over

---

² Much of the case law addresses "motions to compel arbitration," while some decisions consider motions styled as—for example— "motions to dismiss in light of arbitration" or "motions to compel arbitration and dismiss." Here, the motion at issue is styled as a "motion to dismiss in light of arbitration." But regardless of the label, courts consistently treat these as Rule 12 motions to dismiss. *See, e.g.*, *FCCI Ins. Co. v. Nicholas County Library*, No. 5:18-cv-38, 2019 WL 1234319, at *5 (E.D. Ky. Mar. 15, 2019) ("[T]he motion to compel here is most properly considered as a motion to dismiss under Rule 12(b)(6)."); *Knight v. Idea Buyer, LLC*, 723 F. App'x 300, 302 (6th Cir. 2018) ("A motion to dismiss pursuant to an arbitration agreement should therefore be construed as a Rule 12(b)(6) motion…").

³ The Circuit's recent treatment of this issue as unsettled sits uneasily alongside other appellate decisions that seem to reject the Rule 12(b)(1) route. *See Baker v. Iron Workers Local 25 Vacation Pay Fund*, 999 F.3d 394, 400 (6th Cir. 2021) (citing *Teamsters Local Union 480 v. United Parcel Service, Inc.*, 748 F.3d 281, 286 (6th Cir. 2014)) ("[A]n arbitration agreement presents a reason to dismiss under 12(b)(6), not under 12(b)(1)."); *Knight*, 723 F. App'x at 301 ("A motion to dismiss pursuant to an arbitration agreement should ... be construed as a Rule 12(b)(6) motion even if it is mislabeled as a Rule 12(b)(1) motion."); *Teamsters*, 748 F.3d at 286 ("In this lawsuit, UPS argues that the Union is prohibited from filing suit in this court because the Union has not exhausted the internal grievance process under the CBA. This is a 12(b)(6) claim. Accordingly, we construe the UPS's motion as one under 12(b)(6).").

the dispute."). So while some mistakenly frame arbitration-based motions as jurisdictional, a Rule 12(b)(1) dismissal is improper where subject-matter jurisdiction remains intact. Accordingly, this opinion addresses Jamison-Dey's jurisdictional objection first and then considers the remaining arguments regarding the pleadings.

### A. Motion to Remand

Federal courts exercise original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That means a defendant may remove a case filed in state court if the complaint alleges a violation of federal law—even if the parties aren't diverse and the amount in controversy is not greater than $75,000. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1441(a). By contrast, federal jurisdiction based on diversity requires both complete diversity of citizenship and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a).

Santander removed this case based on federal-question jurisdiction, pointing to Jamison-Dey's reliance on the Truth in Lending Act. *See* Notice of Removal at 3. Jamison-Dey moved to remand, mistakenly asserting that removal is improper because the amount in controversy "falls below the jurisdictional threshold of $75,000." Motion to Remand at 1. That requirement, however, applies to diversity jurisdiction—not federal-question jurisdiction. And because Jamison-Dey's complaint on its face invokes a federal question regarding the TILA, federal jurisdiction is proper, and removal was appropriate. *See Caterpillar*, 482 U.S. at 392. Accordingly, the Court denies Jamison-Dey's motion to remand (DN 8).

### B. Motion to Dismiss for Failure to State a Claim

Santander first moved to dismiss under Rule 12(b)(6), arguing that Jamison-Dey's complaint offers no factual allegations tying Santander to any violation of federal law. *See* DN 13.[4]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). Under Rule 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), "accept all well-pled factual allegations as true," *id.*, and determine whether the complaint "states a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plaintiff must "plea[d] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See id.* at 678.

---

[4] Jamison-Dey has not responded, though he did file a motion for summary judgment (DN 12, addressed below) shortly before Santander's first motion to dismiss (DN 13).

Even under a generous reading,[5] Jamison-Dey's complaint falls short. It accuses Santander of violating his "consumer rights" and claims entitlement for $1,000—but offers no supporting facts. Complaint at 4. The sole reference to a legal rule Santander might've violated appears in a citation to 12 C.F.R. § 1026.13. That regulation prohibits creditors from making or threatening adverse credit reports while a billing dispute is unresolved. § 1026.13(d)(2). But Jamison-Dey doesn't allege that Santander did either. Quoting a regulation, without alleging conduct that violates it, is not enough to satisfy the Federal Rules and put a defendant on notice that it plausibly violated the law. *See, e.g.*, *Watkins v. Kentucky*, No. 1:23-cv-88, 2023 WL 7093042, at *2 (W.D. Ky. Oct. 26, 2023) ("While Plaintiff is not required to include detailed factual allegations, he cannot simply cite a statute and claim the Defendant violated it without providing some factual basis for this statement.") (cleaned up).

The attachments to the Complaint—an affidavit and a cease-and-desist letter—do not fill in the gaps. *See* DN 11-1.[6] At most, they show some sort of dispute over an (undescribed) debt; they do not show that Santander made or threatened an adverse credit report. Absent that, Jameson-Day has merely cited what the law forbids, not what Santander actually did to violate it. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alterations omitted). Without such "factual content" establishing if, when, and how Santander violated federal consumer protection law, the Court cannot draw a "reasonable inference" that Santander may be "liable." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

---

[5] "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[6] The "affidavit" is styled as a "notice of billing error" and addressed to the Santander Legal Department in Texas. It cites a number of legal provisions of which Jamison-Dey swears he "is aware," including 12 C.F.R. § 1026.13 ("Billing error resolution"), 15 U.S.C. § 1666b(a) ("Timing of payments"), 15 U.S.C. § 1637(b)(2)(a) ("Open end consumer credit plans"); 15 U.S.C. § 1666b(e) ("Notification of credit card issuer by seller of return of goods, etc., by obligor; credit for account of obligor"), 12 U.S.C. § 1831n(2)(a) (standards relating to GAAP accounting), the Kentucky Mailbox Rule, UCC notice provisions, and more. *See* Supplemental State Court Record at 7–10. The affidavit provides little clarity beyond Jamison-Dey's certainty that Santander has not complied with at least some of these legal standards, that Jamison-Dey would like to review certain auditing information regarding Santander's books, and that Jamison-Dey believes that "all obligation of debt" may somehow be "the responsibility of the United States." *See id.* at 9. Although in some circumstances an affidavit incorporated by a pleading may properly be considered in response to a Rule 12 motion, *Weiner v. Klais and Co.,*, 108 F.3d 86, 88–89 (6th Cir. 1997), this is a situation in which additional words make Jamison-Dey's spare allegations more rather than less understandable. Nothing in the affidavit makes clear which of the legal standards Santander has in fact violated, what debt or balance he believes the bank mishandled, and what relief the Court could order to rectify the situation.

4

The Court therefore grants Santander's motion to dismiss for failure to state a claim (DN 13). Normally courts would afford *pro se* plaintiffs an opportunity to cure their pleadings before dismissing outright. *See Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) ("When a motion to dismiss a complaint is granted, courts typically permit the losing party leave to amend.") (citation omitted). But, here, Jamison-Dey has himself requested arbitration, Arbitration Demand at 2–3, and Santander has asked the Court to dismiss in favor of arbitration rather than adjudicate any plausible claims. As discussed below, to the extent any cognizable dispute exists or remains, the parties' overlapping positions on arbitration make it a more appropriate course than granting leave to amend.

### C. Motion to Dismiss in Light of Plaintiff's Arbitration Demand

The parties seem to agree—at least in part—that disputes between them may or should be handled in an arbitration. *See* Motion to Dismiss in Light of Arbitration Demand (DN 16). Jamison-Dey, despite earlier seeking arbitration (Arbitration Demand at 2–3), now quibbles with whether his claim is subject to the arbitration clause in the parties' contract, Response to Motion to Dismiss in Light of Arbitration Demand (DN 17)[7] at 1–4. To the extent he has a claim at all under the TILA, however, the arbitration clause (whose validity he doesn't challenge) clearly covers it.

The parties' loan agreement provides that "[a]ny claim or dispute, whether in contract, tort, statute or otherwise … shall, at your or our election, be resolved by neutral binding arbitration and not by a court action." DN 24-1 at 5. Santander's second motion to dismiss argues that Jamison-Dey's claims are subject to arbitration, as Jamison-Dey himself presumably recognized when he previously demanded that Santander arbitrate a related claim (though Jamison-Dey contends the two claims are distinct). Arbitration Demand at 2–3. But neither party has moved to stay the case. In that circumstance, according to Santander and the caselaw discussed below, dismissal of the lawsuit is appropriate. Motion to Dismiss in Light of Arbitration Demand at 1–2.

Before dismissing a case in favor of arbitration, courts must determine whether a valid agreement to arbitrate exists and whether the dispute falls within its scope. *See Javitch v. First Union Secs., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). "The burden is on the party opposing arbitration to show that the agreement is not enforceable." *El-Hage v. Comerica Bank*, No. 20-10294, 2020 WL 7389041, at *2 (E.D. Mich. Dec. 16, 2020) (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91–92 (2000)). This analysis proceeds under applicable state contract law, *Seawright v. American*

---

[7] Jamison-Dey has filed two responses to Santander's motion to dismiss—though without seeking leave for the second. *See* DNs 17, 20. The Local Rules contemplate one response to a particular motion. *See* LR 7.1(a) ("[A] party opposing a motion must file *a response* within 21 days of service of the motion.") (emphasis added). In any event, the responses are nearly identical except for their fonts and Jamison-Dey's signature on the second but not the first. *See* DN 17 at 4. Regardless of whether the Court considers either or both, they don't change the analysis.

*General Financial Services, Inc.*, 507 F.3d 967, 972 (6th Cir. 2007), which here is Indiana law, *see* Contract (DN 24-1) at 4. Indiana courts presume that a valid arbitration agreement exists when parties sign a contract containing one. *Doe v. Carmel Operator, LLC*, 160 N.E.3d 518, 522 (Ind. 2021). And courts will enforce such clauses unless they are unlawful, against public policy, or clearly inapplicable to the dispute at hand. *See id.*

Here, neither party disputes the validity of the arbitration agreement—just whether the arbitration clause covers Jamison-Dey's claims. The Court need not resolve that issue here, as the Complaint fails to state a claim under federal law which independently justifies dismissal. Because the parties' signed loan agreement indisputably contains an arbitration clause, *see id.* at 5, the Court presumes its validity, *see Doe*, 160 N.E.3d at 522. Nothing before the Court, moreover, suggests applying the clause to Jamison-Dey's claims would violate the law or offend public policy. *See id.*

That provision applies to "[a]ny claim or dispute, whether in contract, tort, *statute, or otherwise* …, between [Jamison-Dey] and [Santander] … , which arises out of or related to … this contract or any resulting transaction or relationship." Contract at 5 (emphasis added). Jamison-Dey argues that the "absence of specific language encompassing statutory consumer protection claims" in the arbitration agreement means that dismissal isn't warranted. Response to Motion to Dismiss in Light of Arbitration Demand at 2. But Jamison-Dey is mistaken; the arbitration agreement specifically applies to claims in "statute" or "otherwise," which is the case here. Contract at 5. As Jamison-Dey himself acknowledged, "[t]his matter arises from [Santander]'s [alleged] violations of federal consumer protection laws, specifically 12 CFR 1026.13 and 15 U.S. Code 1666b(a)." *Id.* at 1. Accordingly, Jamison-Dey's restrictive interpretation of the contract is unfounded, and arbitration is appropriate.

Should the Court stay the case pending arbitration or dismiss it outright? "[U]pon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement," the Federal Arbitration Act directs courts, "on application of one of the parties," to "stay the trial of the action until such arbitration has been had…." 9 U.S.C. § 3. Where a party seeks a stay, the Sixth Circuit has held that the district court must grant one. *Arabian Motors Group W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 941 (6th Cir. 2021) ("The Act's command that a district court 'shall on application of one of the parties stay the trial of the action' conveys a mandatory obligation."). But the Circuit left open whether the district court could dismiss without prejudice—instead of entering a stay—where "both parties request a dismissal" or "neither party asks for a stay." *Id.* at 942. Because neither party has requested a stay pending arbitration here, dismissal is appropriate. *See, e.g.*, *King v. Commemorative Brands, Inc.*, No. 22-cv-294, 2022 WL 3045009, at *2 (W.D. Ky. Aug. 2, 2022); Motion to Dismiss in Light of Arbitration Demand at 1–2.

6

### D. Motion for Summary Judgment

In light of the Court's order to dismiss, Jamison-Dey's motion for summary judgment (DN 12) is moot. Because he hasn't stated a plausible claim for relief—even assuming all plausible allegations are true—he necessarily hasn't supported those allegations with proof so overwhelming that a jury couldn't reasonably find others. To justify summary judgment, the party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *See Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). So the motion is at best premature and at worst futile.

### ORDER

The Court denies Jamison-Dey's motion to remand (DN 8), grants Santander's motion to dismiss for failure to state a claim (DN 13)—and, in the alternative, grants Santander's motion to dismiss in light of Jamison-Dey's arbitration demand (DN 16)—and denies Jamison-Dey's motion for summary judgment (DN 12) as moot. The Court strikes this case from the active docket.